## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

JAMES F. LOVE,

                             :

       Petitioner,                         Case No. 1:09-cv-592

                             :        District Judge S. Arthur Spiegel

     -vs-                         Magistrate Judge Michael R. Merz

HAMILTON COUNTY COURT
 OF COMMON PLEAS,

                             :

       Respondent.

---

## REPORT AND RECOMMENDATIONS

       Petitioner James F. Love, represented by counsel, brought this habeas corpus action pursuant to 28 U.S.C. § 2241 to prevent his retrial in the Hamilton County Common Pleas Court on charges of rape of a child under thirteen.

### Procedural History

       Love was indicted in two separate cases.  In B-8603968  he was charged with one count of forcible rape of a child under thirteen in violation of Ohio Revised Code § 2907.02(A)(1)(b) and in B-9601201 with four counts of the same offense.  *State v. Love*, 2006 Ohio 6158, 2006 Ohio App. LEXIS 6150, ¶ 3 (Ohio App. 1st Dist. Nov. 22, 2006).  He was convicted (without the force specification) and sentenced in the 1986 case, but released in 1996 on a grant of new trial based on ineffective assistance of trial counsel.  *Id.*  ¶ 8.  He was then indicted in the 1996 case and the two

cases were joined for trial.  *Id.*  ¶ 9.  A jury convicted him of all four counts in the 1996 case and he

was sentenced to four consecutive life sentences.  *Id.*  ¶ 10.  He was reconvicted in the 1986 case

and is serving a sentence on that conviction.  He intends to contest the validity of that conviction in

a separate § 2254 proceeding, and it is not before the Court in this case.

After sentencing in the 1996 case, Love sought a new trial which was denied by the trial

court but granted by the Court of Appeals.  *State v. Love, supra.*  On remand but prior to trial, the

State and Mr. Love stipulated that he was in Mexico from November 17, 1988, to May 17, 1989, and

in Mexico and Belize from May 1, 1989, until July 20, 1989 (Exhibit B to Petition, PageID 42, filed

October 2, 2007).  On the same day, the State filed an amended Bill of Particulars which states

> In addition to the allegations set forth within the Indictment, the State
> further asserts that on or about undetermined dates during the later
> [sic] half of 1989 through April 2, 1990, the defendant engaged in
> sexual conduct with S.A., who was not the spouse of the defendant
> and was less than thirteen years of age at the time.  S.A. was born on
> October 7, 1977.  More specifically as to counts One, Four, and Five,
> the defendant forced S.A. to engage in cunnilingus. As to Count
> Three, the defendant forced S.A. to engage in fellatio with him.  The
> defendant threatened to kill S.A. and her mother if she told anyone.
> These offenses occurred at 6225 Savannah Avenue in Cincinnati,
> Ohio.

(Exhibit C to Petition, PageID 44.)

On October 19, 2007, Love filed a Motion to Dismiss seeking dismissal for all of the

following reasons:

1.       The indictment fails "to give Love adequate notice of the charges to protect his right to be

free from Double Jeopardy in the future in violation of his right to Due Process of Law."

(Exhibit D to Petition, PageID 47)

2.       The indictment "must be dismissed for being duplicitous in a manner failing to give Love

notice of which charges he faces and protect Love's right to be free from Double Jeopardy in the future in violation of his right to Due Process of Law." *Id.*

3. "Love has already stood trial in 1996 upon a duplicitous indictment that failed to protect Love's right to be free from Double Jeopardy in the future in violation of his right to Due Process of Law and further prosecution would be vexatious in violation of the Double Jeopardy Clause of the Fifth Amendment." *Id.*

4. "[R]etrial on separate new distinct and discrete acts not proven at the first trial would constitute a successive prosecution in violation of Love's right to be free from Double Jeopardy guaranteed him by the Fifth Amendment in that jeopardy terminated on all charged acts except "the week after Christmas in 1988," and "more than once a month [after Christmas 1988], or "the spring of 1989." *Id.*

5. "Love has already proved his innocence of the dates and times alleged by the State in the 1996 trial." *Id.* at PageID 48.

6. "[I]t [the Indictment] is multiplicitous and fails to protect Love's right to jury unanimity, notice of the charges and sufficiency of the evidence contra the 5th, 6th and 14th Amendments and Loves' [sic] right to Due Process of Law." *Id.*

7. "Any further prosecution would be vexatious and would constitute harassment in violation of the Double Jeopardy Clause of the Fifth Amendment." *Id.*

8. "It [any further prosecution] would further violate Love's right to fundamental fairness in violation of the Substantive Due Process Clause of the 5th and 14th Amendments." *Id.*

On February 15, 2008, Judge Ruehlman dismissed the Indictment, stating "this Court finds Defendant's motion well taken for the reasons asserted by Defendant and hereby dismisses the

indictment" and without any further explanation (Exhibit G to Petition, PageID 179).  The State appealed and the Court of Appeals reversed and remanded the case for trial (*State v. Love*, 2008 Ohio 6833, 2008 Ohio App. LEXIS 5735 (Ohio App. 1ˢᵗ Dist. Dec. 26, 2008; copy at Exhibit I to Petition, PageID 198-203.).  The Ohio Supreme Court denied leave to appeal and dismissed the claimed appeal of right as not involving any substantial constitutional question.  *State v. Love*, 2009 Ohio 2045, 121 Ohio St. 3d 1476 (2009).  The instant Petition followed.

## Analysis

### 1.      Standard of Review

The Court agrees with Petitioner (Traverse, Doc. No. 17, PageID 1300-1302) that this is not a case of a person "in custody pursuant to the judgment of a State court" and therefore the amendments made to the statutory provisions governing such cases by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") are not applicable to this case.  While the standard of review is de novo to conclusions of law and mixed questions of law and fact, the Court is to review state court findings of historical fact under a clearly erroneous standard.  Factual findings made by state courts are entitled to a high measure of deference from federal courts and this was so well prior to the AEDPA. *Rushen v. Spain*, 464 U.S. 114, 120 (1983); *Marshall v. Lonberger*, 459 U.S. 422 (1983); *Sumner v. Mata,* 455 U.S. 591 (1982).

### 2.      Claims Before this Court

The Petition is prolix.  In addition to the Double Jeopardy claims, Petitioner purports to incorporate by reference

> approximately 24 separate Grounds upon which the Indictment should be dismissed, and to the extent that any or all of those Grounds are cognizable in this pretrial Petition for a Writ of Habeas Corpus, they are herein incorporated by reference and reasserted hereby in full.

(Petition, Doc. No. 1, PageID 3.)  Petitioner attempts the same pleading gambit in his Traverse (Doc. No. 17, PageID 1296).  Incorporation by reference is not an appropriate method to plead claims for relief in a habeas corpus case.[1]  Rule 2 of the Rules Governing § 2254 Cases ("Habeas Rules") requires claims to be pled on the United States Courts standard form which provides for setting forth claims separately.  In general, Habeas Rule 1(b) permits application of the Habeas Rules generally to other habeas corpus actions and the Court elects to proceed in that manner.  Habeas Rule 12 permits application of the Federal Rules of Civil Procedure to habeas cases to the extent not inconsistent with statutes or the Habeas Rules and the Court will also proceed in that manner.  a habeas petition which purports to incorporate by reference "approximately 24 additional [attached] grounds" is not a plain and simple statement of claims.

The Court declines to adjudicate claims that are not clearly pled in the Petition.  If Petitioner's counsel believes the Magistrate Judge is omitting cognizable claims in what follows in this Report, he is invited to move to amend the Petition to state those claims separately.

Respondent reads the Petition as stating five grounds for relief:

---

[1]Petitioner cites to Rule 4 of the Rules Governing § 2254 Cases and § 15.2 of Hertz & Liebman, Federal Habeas Corpus Practice and Procedure.  Although both citations refer to exhibits to a petition, neither purports to authorize pleading claims by incorporating them by reference.

1.      Retrial of the offenses would constitute a denial of Love's right to be free from double jeopardy;

2.      A motion to dismiss should have been granted due to the State's stipulated inability to prove the offenses occurred during a certain portion of the indictment period;

3.      The Amended Bill of Particulars was improper because it created an "alternate theory of guilt";

4.      The State's failure to request findings of fact and conclusions of law required the Court of Appeals to affirm the dismissal of the indictment; and

5.      Conviction on Count One of the Indictment was not supported by sufficient evidence.

(Return of Writ, Doc. No. 10, PageID 1276).  Respondent concedes Petitioner has preserved the first four of these claims for merits review in this Court, but claims the insufficient evidence claim is procedurally defaulted because it was not raised on the original direct appeal in this case.  Instead of responding directly to this restatement of the claims by Respondent, Petitioner offers thirteen "arguments" on the sufficiency of his Petition.  Again, the Court will proceed to adjudicate what is clearly raised and leave for amendment all other claims.


**3.      Claims Cognizable in Federal Pre-Trial Habeas Corpus**


Under 28 U.S.C. § 2241(c)(3), this Court has authority to consider habeas corpus relief for persons in Mr. Love's position only if they are "in custody in violation of the Constitution or laws or treaties of the United States."  The Court cannot consider claims of violation of state law.

A state prisoner seeking federal habeas corpus relief must first exhaust the remedies available

to him in the state courts.   *Picard v. Connor*, 404 U.S. 270 (1971).  Respondent concedes that Petitioner has exhausted his available state remedies by seeking review in the Ohio Supreme Court of the Court of Appeals decision reversing dismissal of the indictment (Return of Writ, Doc. No. 10, PageID 1275.)  To the extent this Court might have found lack of exhaustion for those issues raised on appeal from the dismissal of the Indictment, the Court deems Respondent to have explicitly waived exhaustion.

The Double Jeopardy Clause of the United States Constitution affords a defendant three basic protections:

> It protects against a second prosecution for the same offense after acquittal.   It protects against a second prosecution for the same offense after conviction.   And it protects against multiple punishments for the same offense.

*Brown v. Ohio*, 432 U.S. 161, 165(1977), quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969).   The Double Jeopardy Clause of the Fifth Amendment was held to be applicable to the States through the Fourteenth Amendment in *Benton v. Maryland*, 395 U.S. 784 (1969).

The Supreme Court has made it plain that the Double Jeopardy Clause protects against a second trial, not just against conviction at a second trial.  *Abney v. United States,* 431 U.S. 651 (1977).  For that reason, a double jeopardy claim is cognizable in federal habeas corpus prior to the "second" trial.  *Justices of the Boston Municipal Court v. Lydon,* 466 U.S. 294, 104 S. Ct. 1805, 80 L. Ed. 2d 311 (1984); *Reimnitz v. State's Attorney of Cook County,* 761 F.2d 405, 408 (7th Cir. 1985); *Malinovsky v. Court of Common Pleas of Lorain County,* 7 F.3d 1263 (6th Cir. 1993).  To put it another way, a habeas petitioner with a double jeopardy claim is not required to exhaust the remedy of direct appeal from a verdict at a second trial before invoking our habeas jurisdiction. The Sixth Circuit  reaffirmed these principles and specifically affirmed a district court's granting of a

stay of Ohio Common Pleas Court proceedings pending decision on a pre-trial double jeopardy

habeas petition in *Harpster v. Ohio*, 128 F.3d 322 (6th Cir. 1997).  The Ohio courts do not consider

a denial of a motion to dismiss on double jeopardy grounds to be a final appealable order.  *State v.*

*Crago*, 53 Ohio St. 3d 243, 244, 599 N.E. 2d 1353 (1990).

On the other hand, the State contends a grant of a motion to dismiss on double jeopardy

grounds is appealable and was appealed successfully in this case.  Petitioner responds that the Court

of Appeals did not have jurisdiction over the appeal.  (Traverse, Doc. No. 17, PageID 1306, citing

*State v. Damico*, 1990 WL 67990, 1990 Ohio App. LEXIS 1951(Ohio App. 1st Dist. 1990)).  *Damico*

does not support that proposition and in fact confirms the jurisdiction conferred on Ohio courts of

appeal by Ohio Revised Code § 2945.67 which provides as quoted in *Damico*:

> A prosecuting attorney * * * may appeal as a matter * * * [of] right
> any decision of a trial court in a criminal case * * * which decision
> grants   a motion to dismiss all or any part of an indictment,
> complaint, or information, a motion to suppress evidence, or a motion
> for the return of seized property or grants post conviction relief
> pursuant to Sections 2953.21 to 2953.24 of the Revised Code, and
> may appeal by leave of the court to which the appeal is taken any
> other decision, except the final verdict, of the trial court in a criminal
> case * * *.

In *Damico* the Court distinguished those instances in which Ohio Revised Code § 2945.67(A) –

interlocutory matters – from situations where a new trial is granted "due to the legal insufficiency

of the evidence."  In the latter instance, retrial would be barred by the Double Jeopardy Clause.

*Damico*. *6, citing *Burks v. United States*, 437 U.S. 1 (1978), and *Wang v. Withworth*, 811 F.2d 957

(6th Cir. 1986).  Therefore the judgment of the Court of Appeals reversing Judge Ruehlman's

dismissal of the Indictment is not void for lack of jurisdiction and Petitioner's Second Argument is

without merit.

In his First Argument, Petitioner asserts there is no procedural bar to considering the "insufficient evidence issue." (Traverse, Doc. No. 17, PageID 1304.) The State asserts that Petitioner is barred from merit consideration of his insufficient evidence claim on Count One of the Indictment because he did not raise that claim on direct appeal. The Court, however, agrees with Petitioner on this point. When the Court of Appeals granted Petitioner a new trial, it placed him in the same position he would have had if there had been no original trial. Ohio Revised Code § 2945.82. Thus any procedural default which may have occurred on direct appeal is "forgiven" or waived by returning the parties to the positions they had before trial.

Petitioner argues that "a court is required to make a determination, from the record, as to whether further proceedings after remand would violate double jeopardy concerns because there was insufficient evidence to sustain a conviction adduced by the government in the first trial." (Traverse, Doc. No. 17, PageID 1304, citing *Burks, supra; Patterson v. Haskins,* 470 F.3d 645 (6th Cir. 2007); and *Green v. Massey*, 437 U.S. 19 (1978).) In *Burks* the Sixth Circuit had found the evidence was insufficient to convict but had remanded for a determination of whether a new trial was warranted. The Supreme Court held that the Court of Appeals finding amounted to an acquittal and therefore no new trial was possible. It also held a defendant does not waive his right to acquittal on the basis of evidentiary insufficiency by moving for a new trial.

Based on the holding in *Burks*, if Judge Ruehlman decided there was insufficient evidence to convict on Count One, that determination is final. While Judge Ruehlman's Entry is opaque on how he evaluated Petitioner's claims in the Motion to Dismiss because so many arguments were made, it is clear that one claim which Petitioner advanced and Judge Ruehlman adopted was that there had been insufficient evidence presented on Count One of the Indictment. Specifically, the

complaining witness was asked what Petitioner did to her in 1990 and she responded that she could not "remember when the last time was." (Motion to Dismiss, Exhibit D to Petition, Doc. No. 1, PageID 72-73). On that basis, Petitioner argued there was insufficient evidence to proceed to a retrial on Count One and the dismissal Entry must be read as accepting that argument.

In reversing Judge Ruehlman on this point, the Court of Appeals held that this matter was *res judicata* because it had not been raised in the direct appeal of the conviction, *State v. Love*, 2008 Ohio 6833, 2008 Ohio App. LEXIS 5735 ¶ 19 (Ohio App. 1st Dist. Dec. 26, 2008). However, the vacation of the original judgment by grant of the new trial eliminates the *res judicata* effect; by virtue of Ohio Revised Code § 2945.82, the parties are restored to the position they were in before any trial occurred.

The Court of Appeals further held:

> And in any event, Love's argument is again directed to Sarah's inability to recall the exact times that the rapes had allegedly occurred, an issue we have already addressed. Thus, we find no merit in Love's claim that the evidence was insufficient.

*Id.* at ¶ 19. This holding, however, misses the fact that the only evidence of any offense occurring in 1990 was the complaining witness's answer that she did not remember any offense in 1990. No other witness testified to any offense in 1990. Given that answer, there is no evidence of any offense in 1990 on any date.

Insofar as Judge Ruehlman's Entry accepts Petitioner's argument on Count One of the Indictment, it amounts to an acquittal on that Count and is not subject to reversal because of the bar of the Double Jeopardy Clause.

Petitioner's third argument is that the Indictment is duplicitous (Traverse, Doc. No. 17, PageID 1306). He notes that rape in Ohio is a discrete offense rather than a continuing offense. *Id.*

-10-

citing *Valentine v. Konteh*, 395 F.3d 626 (6th Cir. 2005).

At issue on this argument are Counts 3, 4, and 5 of the Indictment. Count 3 alleges that Petitioner on an undetermined date in 1988 engaged in fellatio with the complaining witness, Count 4 alleges an act of cunnilingus on an undetermined date in 1989, and Count 5 also alleges an act of cunnilingus on an undetermined date in 1989. Petitioner plainly made the argument that the indictment was duplicitous in moving Judge Ruehlman to dismiss the indictment and his Entry granting that motion must be read as accepting that argument.

Petitioner's theory is that the testimony of the complaining witness effectively narrowed the indictment to the specific dates or date ranges to which she testified. In reversing Judge Ruehlman, the Court of Appeals noted that "the jury did not find that Love committed the offenses on any specific dates." *State v. Love*, 2008 Ohio 6833, 2008 Ohio App. LEXIS 5735 ¶ 10 (Ohio App. 1st Dist. Dec. 26, 2008). As the Respondent notes in the Return, the verdicts parallel the Indictment and find discrete offenses on undetermined dates in 1988, 1989, and 1990.

In this Court's opinion, the Indictment is sufficiently specific to satisfy Petitioner's right to be notified of the specific charges against him so that he can defend himself. In *Valentine v. Konteh, supra*, the Sixth Circuit held:

> This Court and numerous others have found that fairly large time windows in the context of child abuse prosecutions are not in conflict with constitutional notice requirements. See *Isaac v. Grider*, 211 F.3d 1269, 2000 WL 571959 at *5 (four months); *Madden v. Tate*, 830 F.2d 194, 1987 WL 44909, at *1-*3 (6th Cir. 1987) (six months); see also *Fawcett v. Bablitch*, 962 F.2d 617, 618-19 (7th Cir. 1992) (six months); *Hunter v. New Mexico*, 916 F.2d 595, 600 (10th Cir. 1990) (three years); *Parks v. Hargett,* 1999 U.S. App. LEXIS 5133, 1999 WL 157431, at *4 (10th Cir. 1999)(seventeen months). Certainly, prosecutors should be as specific as possible in delineating the dates and times of abuse offenses, but we must acknowledge the reality of situations where young child victims are involved.

*Valentine*, 395 F.3d at 632.

However, even if this Court disagreed with the First District Court of Appeals on this point, it could not grant habeas corpus relief to Petitioner on this argument because it is premature. Judge Ruehlman's Entry cannot plausibly be read as an acquittal on Counts 3, 4, and 5 because, as the Court of Appeals noted, a motion to dismiss under the Ohio Rules of Criminal Procedure only raises matters that are capable of determination without a trial of the general issue[2]. *State v. Love*, 2008 Ohio 6833, 2008 Ohio App. LEXIS 5735 ¶ 10 (Ohio App. 1st Dist. Dec. 26, 2008). As the Court of Appeals put it, "there is no equivalent for a motion for summary judgment in criminal proceedings." *Id.* at ¶ 13. Nor does the Federal Constitution require that something like a summary judgment procedure be provided pretrial in state criminal cases.

Petitioner obtained a new trial by gathering evidence that he was not in Hamilton County on the dates the complaining witness testified to, but what he obtained was a new trial, not an acquittal. The Indictment is specific enough that, if the jury returns a not guilty verdict on any of the three remaining counts, he will be able to plead double jeopardy as a bar to retrial on any of those counts, regardless of what dates within the indicted ranges are testified to at the new trial or included in any new indictment. But he did not obtain an acquittal on these counts in the first trial, but rather a conviction which is now set aside for a new trial with continuing jeopardy.

In his Fourth Argument Petitioner asserts that the government is bound by the testimonial

---

[2]While it might have been error, as this portion of the Court of Appeals' opinion suggests, for Judge Ruehlman to enter an acquittal on Count One, there is no doubt that he had jurisdiction and that he accepted that argument from Petitioner. This is consistent with the notion that even a completely erroneous acquittal by a jury is binding under the Double Jeopardy Clause.

narrowing of the indictment which occurred at trial (Traverse, Doc. No. 17, PageID 1308).  He relies on *United States v. Miller*, 471 U.S. 130 (1985), but that case turns on the sufficiency of the indictment, the asserted variance of the proof at trial from the indictment, and whether this deprived Miller of his right to grand jury indictment.  However, the grand jury clause of the Fifth Amendment is not applicable to the States.  *Hurtado v. California*, 110 U.S. 516 (1884); *Branzburg v. Hayes,* 408 U.S. 665, 687-88 n. 25 (1972) *Gerstein v. Pugh*, 420 U.S. 103 (1975); *Williams v. Haviland*, 467 F.3d 527 (6th Cir. 2006)(*Apprendi* does not change this result).  *United States v. Bowers*, 739 F.2d 1050 (6th Cir. 1984); *United States v. Soskin*, 100 F.3d 1377 (7th Cir. 1996); and United States v. Ford, 872 F. 2d 1231 (6th Cir. 1989), also relied on by Petitioner (Traverse, PageID 1308) are also all cases involving the right to grand jury indictment.  Petitioner's Fourth Argument is without merit.

Petitioner's Fifth Argument is a variant on the fourth.  Petitioner asserts that

> [W]here the government presents an indictment with multiple identical offenses alleged therein, with an overly broad time frame of "at undetermined times/dates" falling within a span of years, and it elects to present specific proof as to certain specific dates within that broad time frame, it has not only narrowed the indictment by proof (as shown above), but has also abandoned any prosecution of any conceivable offense encompassed within that overly broad time frame as to the same complaining witness.

(Traverse, Doc. No. 17, PageID 1310.)  As noted above, Counts 3, 4, and 5 of the Indictment are sufficiently specific to satisfy Petitioner's due process rights under *Russell v. United States*, 369 U.S. 749 (1962).  But even if they were not, that is not the proper subject of a pre-trial habeas corpus petition.

In his Sixth Argument, Petitioner argues the State is attempting to present alternative theories of guilt on the retrial which is assertedly also barred by the Double Jeopardy Clause, relying on *Saylor v. Cornelius*, 845 F.2d 1401 (6th Cir. 1988).  Although the indictment charged defendant as

-13-

a co-conspirator, no evidence was offered on that charge; the judge instructed on that theory over defendant's objections and the jury returned a guilty verdict.  The Kentucky Supreme Court held there was insufficient evidence for conspiracy, but remanded for trial on the Commonwealth's alternative theory, pled in the indictment, that he had been an accomplice.  The Sixth Circuit granted habeas relief on Double Jeopardy grounds, holding that the prosecution could not proceed on a theory it had abandoned at the first trial.  But that is not what is present here.  Here the theory has always been that Petitioner committed discrete acts of sexual misconduct on three different occasions.  Petitioner sought a new trial so that he could adduce new evidence that he could not have committed the offenses on the dates testified to, but now he seeks what amounts to a pretrial summary judgment.  But just as he has different evidence (which the prosecutor has admitted by stipulation is persuasive as to the original dates testified to), so the prosecution may have different evidence: better memory by the complaining witness, different corroborating testimony, etc.  The Sixth Argument is without merit.

In his Seventh Argument, petitioner asserts the State is bound by "the specific counts and the evidence adduced to support each count," citing *United States v. Robinson*, 651 F.2d 1188 (6th Cir. 1981).  *Robinson* is a direct appeal involving a claim of a duplicitous indictment.  As held above, the Indictment in this case is not duplicitous and even if it were, that claim may not be raised on a pre-trial habeas petition.

Petitioner's Eighth Argument is a variant on his claim that the Indictment is narrowed by the testimony at the first trial, a claim rejected above.  In his Ninth Argument writes as if he were entitled to the effect of termination of the first trial by general verdict, but the finality of the original verdict of guilty has been upset by his own successful motion for new trial.  In his Tenth Argument,

-14-

he claims the pre-trial stipulation "is the functional equivalent of an acquittal." A stipulation is a substitute for evidence, not a substitute for a judgment or a verdict. To repeat again as the First District Court of Appeals held, Ohio does not have a pre-trial summary judgment practice in criminal cases, nor is it bound constitutionally to have such a process.

In his Eleventh Argument, Petitioner accuses the State of bad faith in continuing the prosecution. But it is Petitioner who sought and obtained a second trial. The State was under no obligation to stipulate to the persuasiveness of his alibi evidence. Petitioner's accusation is based on the fact that the State did not disclose any specific dates of alleged offenses until the complaining witness testified. If Judge Ruehlman had found as of the time of the first trial that the prosecutor knew what that testimony would be and did not turn it over or if he finds that the prosecutor has learned new dates the complaining witness (or any other person) is able to testify now and has not turned them over, he has ample authority to deal with the prosecutor. The habeas corpus statutes do not authorize federal courts to grant relief from new trials sought and obtained by a criminal defendant because we conclude the prosecutor did not disclose evidence when ordered to do so at the first trial. In any event, Petitioner's bad faith argument rests on inference, not evidence.

In his Twelfth Argument, Petitioner claims "the State has stipulated to Love's innocence on the charges for which he was initially convicted." (Traverse, Doc. No. 17, PageID 1316.) This is merely another way of saying that the Indictment is narrowed by the testimony at the first trial, an argument rejected above.

In his Thirteenth Argument, Petitioner incorporates by reference the argument he made in the Common Pleas Court that the Indictment is multiplicitous. Even if that were true, there is no right to test that question by a pre-trial petition for federal habeas corpus.

**Conclusion**

Based on the foregoing analysis, Petitioner should be granted a writ of habeas corpus barring the State of Ohio from retrying him on Count One.  All other claims for relief in the Petition should be denied.

January 13, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\Documents\Love Habeas merits R&R.wpd